## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**CHARLES FISHER**                                                                                      **PETITIONER**

**V.**                                                                                      **NO. 1:09CV312-P-A**

**MARGARET BINGHAM, et al.**                                                                                      **RESPONDENTS**

### MEMORANDUM OPINION

This cause comes before the court on the petition of Charles Fisher, inmate number 114536, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that the Respondents' motion to dismiss shall be granted and the petition dismissed with prejudice.

### A.  *Factual and Procedural Background*

On August 16, 2005, Fisher was found guilty of aggravated assault by a jury of his peers in the Lowndes County Circuit Court. Fisher was sentenced to eighteen years in the custody of the Mississippi Department of Corrections. Fisher appealed his conviction and sentence. The Mississippi Court of Appeals affirmed the verdict and sentence. *See Fisher v. State*, 989 So.2d 893 (Miss. App. 2007). His subsequent motion for rehearing was denied. He timely filed a petition for certiorari to the State Supreme Court which was denied on August 28, 2008. Finally, on December 17, 2008, Fisher filed a motion for post-conviction relief in the State Supreme Court. The motion was denied on December 30, 2008.

### B.  *Discussion*

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final 90 days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Bulter v. Caine*, 533 F.3d 314, 317 (5th Cir. 2008).

The Mississippi State Supreme Court denied Fisher's petition for certiorari on August 28, 2008. Fisher then had 90 days after the entry of that judgment to petition the Supreme Court for a writ of certiorari. *See* U.S. Sup. Ct. R. 13.1. Since he did not seek certiorari from the United States Supreme Court, Fisher's conviction became final on November 26, 2008, the date on which seeking such review expired.

Fisher, therefore, had one-year or until November 26, 2009, to seek federal review of his conviction and sentence or to "properly file" an application for post-conviction relief in the state court to toll the limitations period. 28 U.S.C. § 2244(d)(2). Fisher did file a petition for post-conviction relief in the State Supreme Court on December 17, 2008. It was denied on December 30,

2008. A properly filed application for post-conviction relief will toll the AEDPA's one-year statute of limitation. *Id.; Starns v. Andrews*, 524 F.3d 612, 616 (5th Cir. 2008). The period is tolled for the length of time the motion is pending. *Starns*, 524 F.3d at 616. Fisher's motion was pending for 13 days.

Thus, to be timely, Fisher's federal habeas petition must have been filed by December 9, 2009 (November 26, 2009 plus 13 days). Fisher, however, did not file this petition until December 22, 2009, when he presumably delivered it to prison officials for mailing. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (mailbox rule is applicable to *pro se* prisoners). His petition was, thus, filed 13 days beyond the expiration of the one-year limitations period.

The petition is untimely unless the Petitioner can demonstrate that the one-year limitations period should be tolled under § 2244(d)(1)(B)-(D). A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that he was actively misled or prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d 510, 513- 514 (5th Cir. 1999). Fisher has not responded to the motion to dismiss. He also failed to address the statute of limitations in his petition.

Accordingly, Fisher has not alleged the existence of any "rare and exceptional" circumstances that would permit the court to consider his petition. The doctrine of equitable tolling will not be used to breath life into his untimely habeas claims. Consequently, the petition must be dismissed with prejudice

A final judgment in accordance with this opinion will be entered.

THIS the 13th day of May, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE